UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DONZELL SPRAGGINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 13-3213 |
| | ) | |
| DR. THOMAS BAKER, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**SUMMARY JUDGMENT OPINION ON THE ISSUE OF FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

Plaintiff, proceeding pro se, and incarcerated in Western Illinois Correctional Center, brought the present civil rights suit pursuant to 42 U.S.C. § 1983 alleging violations of his Eighth Amendment rights. Plaintiff alleges two claims related to his diagnosed soy allergy: (1) deliberate indifference to a serious medical need against defendants Baker, Hazelrigg, Flesnor, Johnson, Feigt, and Mills (collectively, the "Medical Professional defendants") for delay in diagnosing the soy allergy and prescribing a soy-free diet; and, (2) an Eighth Amendment claim against the remaining defendants ("Food Service defendants") for failure to serve Plaintiff a nutritionally adequate soy-free diet after the diet was prescribed. Matter is before the Court for the Medical Professional defendants' Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Doc. 32).[1]

**BACKGROUND**

Plaintiff filed this lawsuit on July 23, 2013. (Doc. 1). According to records, Plaintiff filed fourteen (14) grievances with the Administrative Review Board (ARB) that were decided

---

[1] Because this Opinion addresses only the Motion for Summary Judgment filed by the Medical Professional defendants, and does not address a pending motion from the Food Service defendants, any reference hereafter to the defendants shall mean the Medical Professional defendants.

between January 1, 2012 and the filing of the present lawsuit. (Doc. 32-1 at 2). Of those grievances, only two (2) were related to Plaintiff's medical care. The sole grievance relating to the Medical Professional defendants and the alleged constitutional violations in this lawsuit was filed on June 22, 2012, and, for the purposes of this Opinion, is the only grievance discussed.

## June 22, 2012 Grievance

Plaintiff filed a four-page grievance on June 22, 2012 against Dr. Thomas Baker, a gastrointestinal specialist, and John and Jane Does for inadequate medical treatment. (Doc. 32-2). Plaintiff also mentions Nurses Hazelrigg and Johnson and Nurse Practitioner Mills in the body of the grievance. *Id.* Plaintiff describes the symptoms he experienced after ingesting food that contained soy. *Id.* Plaintiff alleges in the grievance that his complaints regarding the ingestion of soy food and requests for a soy-free diet were consistently ignored by medical staff for a period of time from March 2012 until June 2012. According to the handwritten notation on the grievance form, Plaintiff's counselor received this grievance on June 28, 2012. (Doc. 32-2, at 3). Plaintiff's counselor responded to the grievance on September 10, 2012. (Doc. 32-2, at 5). The Grievance Office received Plaintiff's grievance on September 20, 2012 (Doc. 32-2, at 2-3). On November 26, 2012, the Grievance Officer recommended Plaintiff's grievance be denied as moot, and November 27, 2012, the Chief Administrative Officer (CAO) concurred in the recommendation. *Id.* at 2. Plaintiff appealed to the Administrative Review Board, and the appeal was received by the ARB on December 27, 2012. *Id.* The ARB ultimately denied Plaintiff's appeal on July 22, 2013 on the basis that Plaintiff did not comply with the 60-day timeframe outlined in Department Rule 504.810. *Id.* at 1.

## ANALYSIS

Failure to exhaust is an affirmative defense, and therefore the burden of proof lies with the defendants. *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013). The Court must hold an evidentiary hearing if a disputed issue of material fact exists, *see Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008), but where none is present, an evidentiary hearing is unnecessary and the issue of exhaustion may be decided as a matter of law. *Doss v. Gilkey*, 649 F. Supp. 2d 905, 912 (S.D. Ill. 2009).

> The Prison Litigation Reform Act (PLRA) provides:
>
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a) (2013). The purpose of this requirement is to "alert the state to the problem and invite corrective action." *Turley*, 729 F.3d at 649 (internal citations omitted). The Seventh Circuit has adopted a strict compliance standard to exhaustion, and to exhaust remedies "a prisoner must properly use the prison's grievance process." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). In other words, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). If the prisoner fails to follow the grievance procedures, "the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted." *Id.*; *see Dole*, 438 F.3d at 809 (quoting same). "The 'applicable procedural rules' that a prisoner must properly exhaust are defined not by the PLRA, but by the prison grievance process itself." *Maddox v. Love*, 655 F.3d 709, 721 (7th Cir. 2011) (citing *Jones v. Bock*, 549 U.S. 199, 218 (2007)).

The Illinois Administrative Code establishes the grievance procedures for Illinois Department of Corrections inmates. Inmates unable to resolve their issues informally with prison staff may file a written grievance on a form provided by the prison. 20 ILL. ADMIN. CODE § 504.810(a). The grievance must be filed "within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance." *Id.* § 504.810(a). A grievance officer, however, shall consider a grievance filed outside of the 60-day time period if the inmate "can demonstrate that a grievance was not timely filed for good cause…." *Id.* A grievance officer considers each grievance and submits a recommendation to the Chief Administrative Officer, who notifies the inmate of his decision. *Id.* § 504.830(d). An inmate may appeal the CAO's decision to the Director, but must do so within 30 days of the decision. *Id.* § 504.850(a). Once an appeal is received, the Administrative Review Board reviews the appeal and provides the Director with a written report of its findings and recommendations. *Id.* § 504.850(e).

Defendants argue that Plaintiff did not properly exhaust his administrative remedies for his claims against the Medical Professional defendants. Specifically, Defendants point out that "the only grievance alleging deliberate indifference or any medical wrongdoing against any of the Defendants was filed on June 22, 2012." (Doc. 32 at 7, ¶ 22). Defendants argue that Plaintiff failed to exhaust remedies with respect to this grievance because the ARB denied Plaintiff's appeal on the grounds that Plaintiff failed to file a grievance within the 60-day timeframe, as required by § 504.810(a). The denial on procedural grounds, Defendants assert, is not a final judgment on the merits, and therefore, does not constitute full exhaustion. In his response, Plaintiff points out that his June 22, 2012 grievance was held at the counselor level for nearly three months. (Doc. 38 at 15, ¶ 1).

A prisoner is not required to exhaust all remedies, only those available to him. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006) ("If administrative remedies are not 'available' to an inmate, then the inmate cannot be required to exhaust."). "Availability" does not mean that the remedy exists on paper, but whether the process was open to the prisoner in reality. *Id.* Stated differently, administrative remedies become unavailable when, though a grievance system is in place, prison officials effectively prevent a prisoner from availing himself of it. *See id.* (remedies have been found to be unavailable when prison officials fail to provide grievance forms, erroneously tell an inmate he must wait for an investigation to conclude, fail to respond to a properly filed grievance, or engage in affirmative misconduct (citations omitted)). Administrative remedies, however, remain available under the PLRA as long as the prison officials have the ability to take some action in response to a complaint. *Dole*, 438 F.3d at 809 (citing *Booth v. Churner*, 532 U.S. 731, 741 (2001)). If a prisoner did all he could do to avail himself of the process, and the failure to exhaust was through no fault of his own, it cannot be said that the prisoner failed to exhaust his available remedies. *Id.* at 811.

The Defendants argue that Plaintiff failed to exhaust because the ARB denied the grievance on procedural grounds. The Court agrees that Plaintiff did not file his June 2012 grievance with the Grievance Office within the 60-day timeframe outlined in § 504.810(a), but Defendants' argument fails to take into account the reason for the delay: the counselor's failure to respond until after the 60-day deadline had expired. In addition, the Grievance Officer did not reject Plaintiff's June 2012 grievance on procedural grounds at the time it was filed, rather the Grievance Officer recommended a decision on the merits. "Where prison officials address an inmate's grievance on the merits without rejecting it on procedural grounds, the grievance has served its function of alerting the state and inviting corrective action, and [prison officials]

cannot rely on the failure to exhaust defense." *Maddox*, 655 F.3d at 722 (citations omitted); *see Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004) ("[W]hen a state treats a filing as timely and resolves it on the merits, the federal judiciary will not second-guess that action, for the grievance has served its function of alerting the state and inviting corrective action.").

While the ARB later rejected Plaintiff's grievance on timeliness grounds, the ARB's decision to do so ignores the fact that the discretion to decide an untimely filed grievance on the merits lies with the Grievance Officer. *See* 20 Ill. Admin. Code § 504.810(a) ("[I]f an offender can demonstrate that a grievance was not timely filed for good cause, the grievance shall be considered."). The only inference the Court may draw is that the Grievance Officer found good cause to exist by addressing the grievance on the merits, regardless of whether the Plaintiff specifically asked for discretionary review.

But for the counselor's delay, the Plaintiff would have satisfied the requirements of the administrative process. Plaintiff first attempted to resolve the issue informally with his counselor. *See* 20 ILL. ADMIN. CODE § 504.810(a). When Plaintiff was unable to do so, he filed a written grievance with the Grievance Officer. *Id.* After receiving the response from the CAO, Plaintiff appealed to the ARB within the 30-day timeframe. *Id.* § 504.850(a). The Defendants have not provided any evidence, through affidavit or otherwise, that explains why the counselor waited more than two months to respond to Plaintiff's grievance. Furthermore, the Defendants do not point to any Department Rule, administrative rule, or instructions Plaintiff was given regarding the proper procedure if the counselor did not respond. Nor do the Defendants identify any administrative rule that allows the ARB to overrule a discretionary action of the Grievance Officer where the rules clearly place such discretion solely within the Grievance Officer's authority. From the record presented, prison officials created the situation that caused Plaintiff's

failure to exhaust, and where an inmate's failure to exhaust is through no fault of his own, the Court cannot say that Plaintiff failed to exhaust all available remedies. *See Dole*, 438 F.3d at 811.

The Defendants have failed to meet their burden with respect to the failure to exhaust administrative remedies, and have not presented any evidence to show that a disputed issue of material fact exists. Accordingly, Defendants' Motion for Summary Judgment for Failure to Exhaust Administrative Remedies is DENIED.

**IT IS THEREFORE ORDERED**:

1) **Defendants' Motion for Summary Judgment as to the Issue of Exhaustion [32] is DENIED. Discovery on the merits is no longer stayed. Discovery on the merits shall be completed by April 6, 2015. Dispositive motions shall be filed by May 4, 2015.**

2) **Plaintiff's Motion for Production of Documents [48] is DENIED. Pursuant to Local Rule 26.3(A), discovery requests are not to be filed with the Court. Plaintiff's Motion to Compel [49] is DENIED with leave to renew should Plaintiff not be able to obtain the requested discovery through the discovery process.**

ENTERED this 10th day of February, 2015.

                                                    *s/ Colin S. Bruce*
                                                     COLIN S. BRUCE
                                  UNITED STATES DISTRICT JUDGE